**Ex parte Martin GUERRERO, Jr.**

**No. 38128.**

Court of Criminal Appeals of Texas.

April 7, 1965.

---

Theo. Pat Henley, Jack Paul Leon, San Antonio, for appellant.

James Barlow, Dist. Atty., John G. Benavides, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of Judge John F. Onion denying bail following the return of an indictment charging murder with malice. The deceased, a long time employee of a supermarket, went to the National Bank of Commerce in San Antonio on the morning in question and secured in excess of five thousand dollars in change, much of it in coins and contained in bags bearing the name of the bank. On his way back to the store and while his automobile was stopped at a signal light, an automobile driven by appellant bumped into the rear of his automobile, after which appellant and his passenger approached the deceased's automobile. Appellant was seen to make motion toward his passenger and say something to him and his passenger forced deceased from under the wheel and drove off in deceased's automobile with deceased seated with his head resting on the dash board. Appellant then immediately returned to his automobile and followed deceased's automobile as it was driven away. A short while thereafter appellant turned over to Hernandez two beer cases, each weighing approximately one hundred pounds, containing money bags bearing the name of the National Bank of Commerce and instructed him to take care of the money for him and told him, "The less you know, the better it is for you." Later in the day appellant left the automobile which he had been driving that morning at a garage with the instructions to remove the trunk lid or turtle so that he might substitute another therefor. This automobile bore no license plates, but the Michigan plates which had been seen earlier on the automobile were found concealed in the trunk.

No testimony of a defensive nature was offered at the hearing.

We have concluded that the above circumstantial evidence is sufficient to make this a non-bailable case. The judgment remanding appellant to custody without bail is affirmed.